**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ABHISHEK ABHISHEK, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03444-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Abhishek Abhishek petitions the Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that Respondents (collectively, "the Government") violated his rights to procedural and substantive due process. (***Id.*** at pp. 15-17). Petitioner requests that the Court order his immediate release. (***Id.*** at p. 18). Because the Government did not violate Petitioner's rights to procedural or substantive due process, the petition is DENIED.

### Background

Petitioner, a citizen of India, entered the United States illegally in 2023. (**Doc. 1**, p. 13). DHS allegedly arrested him and initiated removal proceedings. (***Id.***). DHS released him pending those proceedings under 8 U.S.C. § 1226(a). (***Id.***); (**Doc. 6**, p. 11). Petitioner allegedly applied for asylum. (**Doc. 1**, p. 13). He obtained employment authorization and worked as a commercial truck driver. (***Id.*** at pp. 13-14); (**Doc. 1-2**, pp. 3-7). On June 12, 2026, DHS allegedly re-arrested him. (**Doc. 1**, p. 14). He is allegedly detained at the Greene County Jail in Springfield, Missouri under 8 U.S.C. § 1225(b)(2)(A). (***Id.***); (**Doc. 6**, p. 2).

On July 29, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his right to procedural due process when it revoked

his release and re-detained him without notice or a hearing. (***Id.*** at p. 16). And he claims that his ongoing detention without bond violates his right to substantive due process. (***Id.*** at p. 15).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings is not contrary to procedural or substantive due process.

**I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner argues that DHS was required to provide notice and a hearing before his re-detention. (**Doc. 1**, p. 16). But Petitioner's conditional release did not bestow lawful admission. *See* ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026) ("Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country."); ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021) (holding that an alien lawfully present in the United States had not been admitted). So the Government may detain him pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***,

591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). The legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**. And the Government may continue to detain Petitioner under Section 1225(b)(2)(A) because he is an "applicant for admission," "seeking admission," who is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila***, 170 F.4th at 1133-34.

Petitioner attempts to avoid that conclusion by seizing on the Government's admission that he was initially released on conditional parole under Section 1226(a). (**Doc. 7**, p. 2). He claims that the Government may not now rely on Section 1225(b)(2)(A) to detain him. (***Id.*** at pp. 3-4). He is wrong. "[T]he mere failure of [DHS]" to initially detain him under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act." *See* ***Avila***, 170 F.4th at 1137 (internal quotation marks omitted). As the Eighth Circuit recently emphasized, "the authority granted by Congress cannot evaporate through lack of administrative exercise." ***Id.*** Regardless, Section 1226(b) authorized his re-detention. *See* **8 U.S.C. § 1226(b)**.

Petitioner cites cases discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are

due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** And district court cases holding the contrary do not move the needle. *See* ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Petitioner's procedural due process claim fails because the legislative scheme authorized his re-detention.

**I. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* ***id.*** at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." ***Zadvydas***, 533 U.S. at 690. But as discussed, detention during removal proceedings is presumptively constitutional. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See* ***Glucksberg***, 521 U.S. at 721. Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending removal proceedings. Before 1907, there was no provision permitting bail for *any* aliens during removal proceedings. ***Demore***, 538 U.S. at 523 n.7. A removable alien's right to release pending removal proceedings is not "deeply rooted in this Nation's history and tradition." *See* ***Minnesota Deer Farmers***, 146 F.4th at 670. And detention pending removal proceedings is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See* ***Demore***, 538 U.S. at 528.

**Conclusion**

The Government did not violate the INA or Petitioner's right to procedural or substantive due process. The Petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 1, 2026